# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv91

| | |
|---|---|
| IN RE: ) | |
| RONALD C. BAYLESS, ) | |
| ) | |
| Debtor. ) | |
| Chapter Case No.: 10-01039 ) | |
| ) | |
| ) | |
| RONALD C. BAYLESS, ) | |
| ) | |
| Appellant/Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONALD CLAMPITT, ) | |
| ) | |
| Appellees/Plaintiff. ) | |

## MEMORANDUM OF DECISION
## AND ORDER

**THIS MATTER** is before the Court on the Notice of Appeal of Ronald C. Bayless, Appellant/Defendant. [Doc. 1].

## PROCEDURAL HISTORY

On July 21, 2010, the Appellant (Bayless) filed a Voluntary Petition under Chapter 7 for bankruptcy relief. [Bky. No. 10-10866 at Doc. 1]. Ronald Clampitt was listed as an unsecured creditor holding a unsecured nonpriority

claim. [Id.]. Bayless was granted a discharge pursuant to 11 U.S.C. §727 on October 27, 2010. [Id. at 20]. On November 6, 2010, Clampitt filed a complaint to revoke that discharge and for a determination that his claim was nondischargeable pursuant to 11 U.S.C. §§523 & 727. [Id. at Doc. 25]. An adversary proceeding based on that complaint was initiated on November 8, 2010. [AP No. 10-01039].

In the adversary proceeding, Clampitt alleged that he is a creditor of Bayless in connection with a state court action in Florida for civil theft and fraud stemming from Bayless' fraudulent use of a power of attorney executed while Clampitt was incompetent and recovering from a stroke. [Id. at 2]. Bayless moved to dismiss the adversary proceeding as untimely filed. [Id. at 6]. On January 19, 2011, Hon. George R. Hodges, United States Bankruptcy Judge granted that motion and entered an Order dismissing the action. [Id. at Doc. 10].

On January 27, 2011, counsel for Clampitt moved to reopen the adversary proceeding and/or for reconsideration of the Order dismissing the case pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024. [Id. at Doc. 11]. On April 8, 2011, Judge Hodges found that his previous Order should be set aside because Clampitt had shown that the failure to timely file the complaint was the result of

2

excusable neglect, pursuant to Federal Rule of Bankruptcy Procedure 9006(b). [Id. at Doc. 17]. From this Order, Bayless filed the pending Notice of Appeal and the Bankruptcy Court thereafter granted a motion to stay the adversary proceeding pending the conclusion thereof. [Id. at 26].

## JURISDICTION

The Court first considers the issue of whether it has subject matter jurisdiction over this appeal. Clampitt argues that the Order from which the appeal was taken is, in substance, the denial of a motion to dismiss and thus, an interlocutory order which is not appealable. He also argues that because Bayless did not receive a certification to take an interlocutory appeal, the appeal must be dismissed. Bayless did not file a reply brief addressing these issues or seek leave to do so.

This Court, sitting as an appellate court, "independently evaluates its appellate jurisdiction." United States v. Yeager, 303 F.3d 661, 664 (6th Cir. 2002); In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010). This determination includes the Appellant's standing to appeal. In re Menk, 241 B.R. 896, 902 (9th Cir.BAP 1999).

District courts have jurisdiction to hear appeals from final orders. 28 U.S.C. §158(a). Generally, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

3

Midland Asphalt Corp. v. United States, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). In the context of bankruptcy cases, an order is final when it "finally determines the discrete matter to which it was addressed[.]" Collier on Bankruptcy, ¶5.08[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (internal quotation omitted). Orders dealing with less than all issues in bankruptcy cases "may be immediately appealed if they finally dispose of discrete disputes within the larger case." In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005) (internal quotation and citation omitted).

An interlocutory order, on the other hand, "is one that does not finally determine a cause of action but only decides some intervening matter pertaining to the cause and that requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." Collier,¶5.08[5]. Thus, in the case of an adversary proceeding, it is in reality a "separate judicial unit for purposes of determining finality" and "orders entered during the course of that proceeding that leave the merits to be determined are interlocutory, as is the case in civil litigation held in federal courts." Id.

> In [this] case, Appellant appeals an order from the bankruptcy judge allowing [Clampitt] to [reopen and prosecute] an adversary proceeding contesting the dischargeability of [his] claim. The order by the bankruptcy court is not a final order because it does not decide the issues on the merits and leave nothing for the court to do but execute the judgment. More than merely execute the judgment, the bankruptcy court must now conduct [the] adversary

4

> proceeding to determine the dischargeability of [Clampitt's] claim. The order that is being appealed [allows] the [reopening and prosecution] of an adversary proceeding, and this is the opposite of finality. The order of the bankruptcy judge requires subsequent litigation in order to determine the effect the discharge order ha[s] on [Clampitt's] claim.

Thompson v. Crafton, 2007 WL 2229565 **2 (W.D.Ky. 2007).

In ruling on the motion to reconsider, Judge Hodges set aside his decision dismissing the adversary proceeding, held the complaint timely filed and ordered the debtor to file answer. In so doing, he reopened the adversary proceeding to allow the prosecution of the unresolved question of whether Clampitt's complaint to revoke discharge and his objection thereto should be granted. Id. (orders to reopen bankruptcy cases are not final orders); In re Menk, 241 B.R. at 917; Kountaki v. Johnson, 2007 WL 4570161 (S.D.Tex. 2007). In the adversary proceeding, Bayless, as the defendant, will have the availability of every cognizable defense and thus, the issue of dischargeability of the debt has not been adjudicated and is not final. In re Menk, 241 B.R. at 917; In re Paine, 250 B.R. 99, 104-05 (9th Cir. BAP 2000) (debtors had no standing to appeal order which granted creditor right to file nondischargeability adversary proceeding because interests had not yet been determined). If the Bankruptcy Court ultimately rules that Claimpitt's debt is nondischargeable, Bayless can still challenge that ruling on appeal. Id.; In re Crocker, 362 B.R.

5

49 (1st Cir. BAP 2007) (order which did not resolve question of dischargeability of debt but was preliminary step in nondischargeability process and thus interlocutory); In re Poor, 2008 WL 3925268 (W.D.N.C. 2008). In fact, the "order of the bankruptcy judge requires subsequent litigation in order to determine the effect the discharge order had" on the dischargeability of Clampitt's claim. Thompson, 2007 WL 2229565 at **2. Until the Bankruptcy Court rules on the objection to discharge of this debt, there is no final, appealable order. In re F.D.R. Hickory House, Inc., 60 F.3d 724 (11th Cir. 1995); In re Swyter, 263 B.R. 742, 748 (E.D.Va. 2001) (a final determination is dependent on additional actions that have not yet occurred). For these reasons the Court must conclude that the Order from which the appeal has been taken is interlocutory.

This, however, does not end the inquiry.

> [Bayless'] appeal from the bankruptcy court therefore must proceed, if at all, under 28 U.S.C. §158(a)(3). To proceed under that provision, [he] must file a motion for leave to appeal with the district court in accordance with Fed.R.Bankr.P. 8003. Nevertheless, if the appellant fails to file the required motion but files a timely notice of appeal, Rule 8003(c) requires the district court to make one of the following three choices: (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal.

In re Faragalla, 422 F.3d 1208, 1211 (10th Cir. 2005); Cathcart v. Campbell, 2010 WL 4622462 (D.S.C. 2010); In re Poor, 2008 WL 3925268. The Court

6

therefore considers the notice of appeal as a motion for leave to appeal an interlocutory order. When deciding whether to grant leave to appeal an interlocutory order from Bankruptcy Court, district courts employ the same analysis as used in 28 U.S.C. §1292(b). In re Swyter, 263 B.R. at 748 at n.5. That is, does the order involve a controlling question of law as to which there is substantial ground for a difference of opinion and will an immediate appeal materially advance the termination of the litigation. 28 U.S.C. §1292(b). In addition, "the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D.Va. 2000).

In this matter the Bankruptcy Court's Order does not fall within the parameters of §1292(b) and does not constitute exceptional circumstances. Appellant does not even argue that it does. The Order allows the adversary proceeding to go forward so that the issue of dischargeability based on fraudulent conduct may be litigated, an issue which in this case is fact intensive. Id. ("The Fourth Circuit has stated regarding the term 'controlling question of law' that '[c]ertainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation[.]'") (internal quotation

7

and citation omitted).  Moreover, the Bankruptcy Court's decision to allow the late filing of the adversary proceeding complaint involved the Bankruptcy Judge's discretionary authority based on the facts before him, not a question of law as to which there is a difference of opinion which will advance the resolution of the case.  In re Orlean, 138 B.R. 374, 376-77 (E.D.N.Y. 1992); In re M&L Business Mach. Co., Inc., 1994 WL 263457 (D.Colo. 1994) (denial of motion to dismiss adversary proceeding interlocutory order inappropriate for certification of appeal).

Nor is there any exceptional circumstance which would warrant piece meal appellate review.  Since the order does not involve a controlling question of law or an exceptional circumstance, leave may not be granted.  KPMG Peat Marwick, 250 B.R. at 79 ("If any one element is unsatisfied, leave to appeal cannot be granted.").  "In this case, the order[ ] from which this appeal ha[s] been taken will be reviewable in connection with an appeal lodged from a final decision in this [matter]."  In re Denton, 236 B.R. 418 (10th Cir. BAP 1999).

Since the appeal taken in this matter is interlocutory and the facts presented here do not fall within any grounds for which this Court may entertain an interlocutory appeal, the Court concludes that it does not have subject matter jurisdiction and therefore this appeal must be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the appeal as set forth in the Notice of Appeal of Ronald C. Bayless, Appellant/Defendant. [Doc. 1] is hereby **DISMISSED** as interlocutory.

Signed: January 13, 2012

Martin Reidinger
United States District Judge